UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,                    08 Cr. 1244

       -against-
                                             OPINION

GOSSETT MCPHERSON, ET AL.,

       Defendants.

------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|11|09
```

A P P E A R A N C E S:

    Attorney for the Government

    PREET BHARARA
    United States Attorney for the
        Southern District of New York
    One St. Andrew's Plaza
    New York, NY 10007
    By:  Christian R. Everdell, Esq.
        Christopher D. Frey, Esq.


    Attorneys for Defendant Gossett McPherson

    LIPMAN & BOOTH LLC
    11 Broadway, Suite 967
    New York, NY 10004
    By: Christopher Booth, Esq.

**Sweet, D.J.**

Defendant Gossett McPherson ("McPherson" or the "Defendant") has moved for an order directing the Government to provide a bill of particulars pursuant to Rule 7(f), Fed. R. Crim. P., identifying the acts he is alleged to have committed in furtherance of the charged conspiracy as well as when, where, and with whom he committed those acts.

Upon the facts and conclusions set forth below, McPherson's motion is denied.

## I.    PRIOR PROCEEDINGS

On December 12, 2008, McPherson and six other individuals were indicted in the Southern District of New York.  Count One of the indictment (the "Indictment") charges McPherson and others with conspiracy to import narcotics from Jamaica and distribute them in the United States between 2003 and 2008 in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(A), and (b)(1)(B).  Count Two charges McPherson and others with importing compounds containing cocaine into the United States from Jamaica in

1

violation of 21 U.S.C. §§ 812, 952, 960(b)(1)(B) and
(b)(2)(G).

On May 29, 2009, a federal grand jury in this
District returned and filed a superseding indictment S1 08
Cr. 1244 (RWS) (the "Superseding Indictment") against the
same defendants, excluding Kathy Sanchez, and including
defendant Norma Dixon.   The Superseding Indictment also
widened the time frame of the conspiracy from in or about
2000 through in or about 2008.

The instant motion was heard and marked fully
submitted on December 9, 2009.

II.  **FACTS**

The facts which follow are based upon the
affirmations and exhibits submitted by the parties in
connection with Defendant's motion.

According to the Superseding Indictment,
McPherson and his co-conspirators smuggled narcotics in
commercial airplanes departing Jamaica for the United
States.   The Superseding Indictment alleges that members of

2

the conspiracy would stash multiple-kilogram quantities of
narcotics beneath the toilet of a commercial flight bound
for the United States.  After the flight landed in the
United States and cleared customs, a co-conspirator would
board the flight for the next leg of the plane's trip.
While on that flight, the co-conspirator would walk to the
bathroom, remove the hidden narcotics, and conceal them
either on his or her person or in his or her carry-on
baggage.  Because the plane had already cleared customs,
the co-conspirator would not be searched upon exiting the
plane with the narcotics.  The co-conspirator would deliver
the narcotics to McPherson and other members of the
conspiracy for distribution within the United States.
Alternatively, members of the conspiracy would stash
multiple kilogram quantities of narcotics in a cargo panel
of a plane departing Jamaica for the United States.  Upon
the arrival of the plane, co-conspirators employed by
Newark International Airport removed the narcotics from the
plane for further distribution within the United States.

         To date, the Government has produced discovery to
McPherson, pursuant to Rule 16, Fed. R. Crim. P., on at
least six separate occasions.  On or about February 13,
2009, the Government produced its initial discovery, which

3

included: the Indictment, complaint, and arrest warrants;
reports and photographs related to a seizure of
approximately one kilogram of cocaine on or about September
2, 2008; a report related to seizure of approximately eight
kilograms of cocaine seized on or about October 2, 2000;
surveillance photographs; wire transfer records; telephone
records; applications and resulting data for pen register
and cell site location authority information; criminal
history records; the U.S. Marshals' intake forms for each
defendant; Miranda waiver forms; speedy presentment waiver
forms; a waiver of consular notification; a proffer
agreement; and two DVDs, which contained a series of
consensually recorded telephone calls and consensual
recordings of in-person meetings.  Supplemental Rule 16
discovery was also provided to Defendant on or about March
2, 2009; March 4, 2009; March 18, 2009; June 22, 2009; and
July 15, 2009.

**III. DEFENDANT IS NOT ENTITLED TO A BILL OF PARTICULARS**

            McPherson seeks a bill of particulars from the
Government identifying the dates and locations where he is
alleged to have engaged in the unlawful conduct charged in
the Superseding Indictment, with whom and for how long he

4

is alleged to have participated in these unlawful acts, and
other facts related to the allegations in the Superseding
Indictment.  McPherson argues that without this
particularized information, he will be unable to determine
whether he has a viable alibi defense.

          Rule 7(f), Fed. R. Crim. P., permits a defendant
to seek a bill of particulars when necessary to "prepare
for trial, to prevent surprise, and to interpose a plea of
double jeopardy should he be prosecuted a second time for
the same offense." United States v. Bortnovsky, 820 F.2d
572, 574 (2d Cir. 1987).  A bill of particulars is required
"only where the charges of the indictment are so general
that they do not advise the defendant of the specific acts
of which he is accused." United States v. Torres, 901 F.2d
205, 234 (2d Cir. 1990) (quotations marks and citation
omitted).  In addition, when considering requests for a
bill of particulars, courts "must be cognizant of the fact
that a bill of particulars confines the government's
evidence at trial to the particulars furnished, [and]
[t]hus the court is required to balance restricting the
government's proof against protecting defendants from
surprise." United States v. Payden, 613 F. Supp. 800, 816
(S.D.N.Y. 1985); see also id. at 817-18 (discussing

balancing competing considerations in context of conspiracy
charge).  "That the requested information would be useful
to the defendant is not enough; if the defendant has been
given adequate notice of the charges against him, the
Government need not be required to disclose additional
details about its case."  United States v. Feola, 651 F.
Supp. 1068, 1132 (S.D.N.Y. 1987) (citations omitted).
Thus, the ultimate test must be "whether the information
sought is necessary, not whether it is helpful."  United
States v. Love, 859 F. Supp. 725, 738 (S.D.N.Y. 1994).


          Notably, "[a]cquisition of evidentiary detail is
not the function of the bill of particulars."  Torres, 901
F.2d at 234 (citation omitted).  In general, the Government
cannot be compelled to provide a bill of particulars
disclosing such things as the manner in which it will
attempt to prove the charges, the precise manner in which
the defendant committed the crimes charged, or a preview of
the Government's evidence or legal theories that it intends
to present at trial.  See United States v. Mitlof, 165 F.
Supp. 2d 558, 569 (S.D.N.Y. 2001); see also United States
v. Castro, No. 08 Cr. 268 (NRB), 2008 WL 5062724, at *2
(S.D.N.Y. Nov. 25, 2008) ("An indictment need not identify

6

all alleged co-conspirators, nor specify the nature, time and place of every overt act the defendant or others allegedly took in furtherance of a conspiracy, nor must it set forth all the evidence the government intends to introduce."). In particular, "demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied." United States v. Trippe, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001); United States v. Bin Laden, 92 F. Supp. 2d 225, 242 (S.D.N.Y. 2000) ("[R]equests, such as those made by the Defendants here, for particulars as to when, where, how, and with whom each individual defendant joined an alleged conspiracy have almost uniformly been denied." (internal quotation marks and citation omitted)); Feola, 651 F. Supp. at 1132 ("Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial.").

Here, the Superseding Indictment describes in detail "the nature and goals of the charged conspiracy," "the overt acts taken in furtherance of it," and "discloses sufficient information to inform the defendant[] adequately of the charges against [him]." United States v. Ferrarini, 9 F. Supp. 2d 284, 299 (S.D.N.Y. 1998). The Superseding

7

Indictment specifically identifies each defendant's role in the conspiracy, including that of McPherson, who is alleged to be one of the New York-based distributors of the drugs being imported into the United States by the conspiracy. In addition, McPherson has been provided with the Government's discovery relating to the allegations, and the Government has identified the particular drug seizures in the discovery that the Government believes it can link to McPherson. Ordering the Government to disclose additional details on the exact times and dates of Defendant's alleged illegal acts would essentially require the Government to provide a full preview of its evidence at trial, to which McPherson is not entitled. See Mitlof, 165 F. Supp. 2d at 569. Nor does McPherson's assertion that additional information is required in order for him to mount an alibi defense justify a bill of particulars. See Castro, 2008 WL 5062724, at *3 ("Acquisition of evidentiary detail in the form of exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars."). Under these circumstances, Defendant is not entitled to a bill of particulars. See, e.g., United States v. Reinhold, 994 F. Supp. 194, 201 (S.D.N.Y. 1998) (denying request for bill of particulars where the "indictment is detailed in its allegations" and

8

the "defendants have had extensive discovery"); United
States v. Pacheco, 902 F. Supp. 469, 475 (S.D.N.Y. 1995)
(denying request for bill of particulars because "the
charges are adequately set forth in the indictment, the
criminal complaint, and in discovery"); United States v.
Conesa, 899 F. Supp. 172, 176 (S.D.N.Y. 1995) (denying
request for bill of particulars because "[t]he Indictment
sufficiently advises defendants of the specific acts of
which they are accused" and "the Government . . . has made
available to defense counsel extensive discovery that
supplements the information provided in the . . .
Indictment").

## IV.  CONCLUSION

For the foregoing reasons, McPherson's motion for
a Bill of Particulars is denied.

It is so ordered.

New York, NY
December   6, 2009

ROBERT W. SWEET
U.S.D.J.