UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

        -against-

               08 Cr. 1244-4 (RWS)
               11 Cr. 1037-1 (RWS)

GOSSETT MCPHERSON,

               SENTENCING OPINION

               Defendant.

------------------------------------X

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/16

On January 15, 2010, Gossett McPherson ("McPherson" or the "Defendant") pled guilty to one count of distributing and possessing with intent to distribute five kilograms and more of mixtures containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A); and one count of conspiring to import five kilograms and more of cocaine into the United States, in violation of 21 U.S.C. §§ 812, 952, and 960(b)(2)(G). On August 13, 2015, McPherson pled guilty to one count of failure to surrender to the United States Marshal's Service, in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(i). For the reasons set forth below, McPherson will be sentenced to 120 months in prison, to be followed by five

1

years of supervised release, subject to the scheduled sentencing hearing on April 7, 2016. McPherson is also required to pay a special assessment of $300.

**Prior Proceedings**

McPherson was named in a two-count superseding information (the "Information") filed in the Southern District of New York on May 20, 2009. The first count of the Information ("Count One") charges that from 2000 to 2008, in the Southern District of New York and elsewhere, McPherson and others distributed and possessed with intent to distribute five kilograms and more of mixtures containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A), and possessed with intent to distribute 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B). The second count of the Information ("Count Two") charges that from 2000 to 2008, in the Southern District of New York and elsewhere, McPherson and others conspired to import five kilograms and more of cocaine into the United States from Jamaica, in violation of 21 U.S.C.

2

§§ 812, 952, and 960(b)(1)(B); and 100 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 812, 952, and 960(b)(2)(G).

The Information further indicates that as a result of committing the offenses charged, McPherson shall forfeit to the United States any property constituting or derived from proceeds of the offenses and any property used or intended to be used to commit or facilitate them.

On January 15, 2010, McPherson pled guilty to both counts, pursuant to a plea agreement stating that his Guidelines offense level is 39 and his criminal history category is I, resulting in a Guidelines range of 262 to 327 months in prison and a fine range of $25,000 to $4,000,000. The plea agreement also states that the parties agree that neither a downward nor an upward departure is warranted, and that a sentence within the Guidelines range would be reasonable.

McPherson was also named in a one-count indictment filed in the Southern District of New York on December 5, 2011. The

3

first and only count of the Indictment ("Count Three") charges that from on November 1, 2011, and continuing thereafter, in the Southern District of New York and elsewhere, McPherson, having been released on bail in connection with a charge of, and while awaiting surrender for service of a sentence for, an offense punishable by life imprisonment, failed to surrender to the United States Marshal's Service on November 1, 2011, or at any time thereafter, in violation of a court order. The statutory bases for the charge are 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(i).

On August 13, 2015, McPherson pled guilty to Count Three, pursuant to a plea agreement stating that his Guidelines offense level is 13 and his criminal history category is I, resulting in a Guidelines range of 12 to 18 months in prison and a fine range of $3,000 to $30,000. The plea agreement also states that the parties agree that neither a downward nor an upward departure is warranted.

McPherson is scheduled to be sentenced on April 7, 2016.

4

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

## The Defendant

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

## The Offense Conduct

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

McPherson was part of a drug conspiracy that imported multi-kilogram amounts of cocaine and marijuana from Jamaica into the United States, generally by sneaking the drugs onto commercial flights from Montego Bay Airport to various points on the East Coast. McPherson's specific role in the operation was to distribute the drugs once they made it into the United States. The government views McPherson as responsible for 150 kilograms of cocaine and 100 kilograms of marijuana. After McPherson pled guilty to Counts One and Two, he was released on bail pending sentencing. When his surrender date arrived, McPherson fled, remaining a fugitive until he was arrested by the NYPD during a traffic stop in April, 2015. He provided a false name to police during the traffic stop.

**The Relevant Statutory Provisions**

On Counts One and Two, the minimum term of imprisonment is ten years and the maximum term is life. 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1). On Count Three, the maximum term of imprisonment is 10 years. 18 U.S.C. § 3146(b)(1)(A).

On Counts One and Two, the minimum term of supervised release on each count is five years. 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1). On Count Three, the maximum term of supervised release is three years. 18 U.S.C. § 3583(b)(2).

The Defendant is not eligible for probation. 21 U.S.C. § 841(b)(1)(A), 18 U.S.C. § 3561(a)(3).

The maximum fine on Counts One and two is $10,000,000. 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1). The maximum fine on Count Three is $250,000. 18 U.S.C. § 3571(b).

**The Guidelines**

The November 1, 2015 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

Counts One and Two are "grouped" for guidelines purposes pursuant to U.S.S.G. § 3D1.2(b), since they involve a common scheme or plan. Count Three is also grouped pursuant to U.S.S.G. § 3D1.2(c), since it operates as an adjustment to the drug offenses.

The guideline for drug offenses is found in U.S.S.G. § 2D1.1. Under Application Note 8 to U.S.S.G. § 2D1.1, sentences for defendants convicted of distributing more than one controlled substance are calculated according to the "Drug Equivalency Table," a sort of exchange rate that converts quantities of different drugs into a common denominator - marijuana. Under the Drug Equivalency Table, the 150 kilograms of cocaine attributed to McPherson are equivalent to 30,000 kilograms of marijuana. Adding the 100 kilograms of marijuana attributed to McPherson results in a total marijuana equivalency of 30,100 kilograms. See U.S.S.G. § 2D1.1 application note

9

8(D). Under U.S.S.G. § 2D1.1(B), distribution of between 30,000 and 90,000 kilograms of marijuana warrants an offense level of 36.

Because McPherson was a manager or supervisor (but not an organizer or leader) of an extensive criminal activity that involved five or more participants, the offense level is increased by three. U.S.S.G. § 3B1.1(b). Because the Defendant failed to appear for sentencing, in violation of a court order, the offense level is increased by two, pursuant to U.S.S.G. § 3C1.1. McPherson's guilty pleas demonstrate acceptance of responsibility for the offense, decreasing the offense level by two. U.S.S.G. § 3E1.1(a). These adjustments result in an offense level of 39.

McPherson has one prior adult criminal conviction. On October 19, 1989, he was convicted in Kings County Supreme Court of attempted criminal possession of a controlled substance in the third degree and sentenced to five years' probation. Pursuant to U.S.S.G. § 4A1.2(e)(3), this conviction warrants no criminal history points. A total of zero criminal history

10

points results in a criminal history category of I. See Sentencing Table, U.S.S.G. Ch. 5 Pt. A. Based on a total offense level of 39 and a criminal history category of I, the Guideline range of imprisonment is 262 to 327 months.

The guideline ranges for terms of supervised release on Counts One and Two are one to three years. U.S.S.G. § 5D1.2(c). The guideline range for a term of supervised release on Count Three is 1 to 3 years. U.S.S.G. § 5D1.2(a)(2).

Defendant is not eligible for probation because his guideline range falls in Zone D of the Sentencing Table. U.S.S.G. § 5B1.1 application note 2.

The fine range for this offense is $25,000 to $20,000,000. U.S.S.G. § 5E1.2(c)(3,4). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed.

11

U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 26, 2015, provides a daily cost of $84.00, a monthly cost of $2,552.00, and an annual cost of $30,621.00 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), the

12

Court has determined that a Guidelines sentence is not warranted.

McPherson's crime is significant, and carries with it a significant, ten-year mandatory minimum sentence. Although the Guidelines call for a sentence of more than twice that length, the mandatory minimum term is sufficiently punitive to sanction McPherson for his conduct and to serve the interests of the justice system. McPherson will be 64 years old once a minimum sentence has run, a point in life when he is unlikely to pose a threat to the public. Any concern that McPherson will engage in significant criminal activity is also mitigated by the imposition of a significant term of supervised release, along with McPherson's likely deportation to Jamaica, his country of citizenship, when his prison term ends. Imprisoning him for longer than a decade, in contrast, will have negligible deterrent effects and impose significant costs on the taxpayers who would be paying to feed, clothe, house, and guard him.

**The Sentence**

McPherson shall be imprisoned for 120 months, to be followed by five years of supervised release. As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Cooperate in the collection of DNA as directed by the probation officer.

(5) Refrain from any unlawful use of a controlled substance, including submitting to drug testing within fifteen days of his placement on supervised release, and two or more unscheduled drug tests thereafter, as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant shall provide the probation officer with access to any requested financial information.

(2) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

14

(3) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

(4) Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(5) Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $300, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States, as described above. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is ineligible for voluntary surrender.

It is so ordered.

**New York, NY**
**April 4, 2016**

_____
ROBERT W. SWEET
U.S.D.J.